UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:14CV-174-GNS

**UNITED CITIZENS BANK OF SOUTHERN KENTUCKY**                                    **PLAINTIFF**

**v.**

**JIMMY HUDSON** *et al.*                                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a notice of removal filed by Defendants Jimmy Hudson and Patty Hudson (DN 1). For the reasons stated herein, the Court will remand the action to the Russell Circuit Court.

Defendants also filed an application to proceed without the prepayment of the filing fee. However, because this case will be remanded to state court, **IT IS ORDERED** that the application (DN 2) is **DENIED as moot**.

### I.

Plaintiff United Citizens Bank of Southern Kentucky filed a mortgage foreclosure action against Defendants Jimmy Hudson and Patsy Hudson in Russell Circuit Court. Defendants filed a *pro se* notice of removal purporting to remove the foreclosure action to this Court. In support of removal, Defendants state that this Court has jurisdiction over the action "because it involves disputes arising under the Title 15 of the United States Code, specifically, the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, along with Virginia versions of these same statutes."[1]

---

[1] Defendants also cite the standard for dismissal under Fed R. Civ. P. 12(b)(6), but it is unclear if they are seeking dismissal.

## II.

Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court **of which the district courts of the United States have original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Therefore, a civil action may be removed from a state court only when the district court has original jurisdiction over the state court action.

A federal district court may have jurisdiction over such a case in one of two ways. First, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal-question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. If a matter over which this Court lacks subject-matter jurisdiction is removed to this Court, "the case shall be remanded[,]" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and

2

because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

In order to determine whether the case arises under federal law, a court looks only at the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007). "If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be re-characterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

Plaintiff's complaint against Defendants is a mortgage foreclosure action which raises no federal claims. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) (finding that a "foreclosure action relied exclusively upon state law and could not reasonably be construed as supporting federal question jurisdiction"); *Fed. Nat'l Mortg. Assoc. v. Le Crone*, 868 F.2d 190, 194 (6th Cir. 1989) ("FNMA's complaint for foreclosure of LeCrone's mortgage

3

raises no federal issues and thus the suit between FNMA and LeCrone does not present a federal question for removal analysis.")  Therefore, as the complaint raises no federal claims, this Court lacks federal-question jurisdiction over the matter.

Defendants argue that the Fair Debt Collections Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA) establish this Court's jurisdiction.  While the complaint contains a section appended to the end of the complaint, captioned "FEDERAL FAIR DEBT COLLECTION PRACTICES ACT NOTICE," such a notice does not confer subject-matter jurisdiction over a mortgage foreclosure action.  *See Chase Manhattan Mortg. Corp.*, 507 F.3d at 915 (finding that a FDCPA notice "simply notifies the Smiths of their right to information under federal law" and does not raise a federal claim).  Moreover, to the extent Defendants may argue that they can assert a defense to the foreclosure action under the FDCPA or FCRA, once again, the existence of a federal defense does not confer federal jurisdiction.  *Caterpillar Inc.*, 482 U.S. at 393; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Likewise, any federal counterclaim Defendants may raise does not confer federal jurisdiction.  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Finally, Defendants cannot establish diversity jurisdiction under 28 U.S.C. § 1332 because there is no diversity of citizenship among Plaintiff and Defendants.  The complaint shows that Plaintiff and Defendants are all citizens of Kentucky.

## III.

For the foregoing reasons, the Court will dismiss the notice of removal and summarily remand the action to the Russell Circuit Court pursuant to 28 U.S.C. § 1447(c) by separate Order of Remand.

Date: January 29, 2015

Greg N. Stivers, Judge
United States District Court

cc: Defendants Jimmy Hudson and Patty Hudson, *pro se*
      Counsel of record
      Russell Circuit Court
4416.010

5